May it please the court, I'm Erin Rust with the Federal Defender Services of Eastern Tennessee and I represent the appellant, Ms. Kimberly Taylor, in this case. I would ask to reserve three minutes for rebuttal time. This case deals with a retroactive reduction of sentence under Section 1B.1.10 of the United States Sentencing Guidelines. This provision applies whenever there's been a reduction in a guideline that would reduce the defendant's guideline range. When that occurs, the courts are instructed to look to 1B.1.10 to apply that reduction in the guideline range retroactively to a defendant. Subsection B.2.A of 1B.1.10 provides a general limitation on the court's authority to reduce the sentence. Specifically, it limits the reduction to the bottom of the amended guideline range. However, subsection B.2.B provides an exception to this limitation which applies to defendants who have a substantial assistance reduction applied to their case. Counsel, could you just tell me factually, did you and the government agree upon a one-third reduction of the sentence? The original sentence was imposed four or five years ago, right? Correct, Your Honor. And was there an agreement first between you and the government about how much it would be reduced? How much it would be reduced retroactively? Yes. The parties did file a motion for reconsideration where they agreed that the maximum authorized reduction that the district court could have given would have been a 33% reduction. It's up to the judge's discretion where within... The government didn't agree that was appropriate. I'm sorry, Your Honor. The government did not agree that was appropriate. The government agreed that the district court had discretion... Could do that, but didn't say that was the appropriate reduction. I don't think... The government's initial brief said that it didn't have anything other than one incident, disciplinary incident in... That doesn't answer my question. I don't believe that the government has affirmatively stated that it thinks 33% is necessarily the accurate reduction. I had a little trouble kind of puzzling through this case factually, and I finally kind of think I have it figured out. The district court at the initial sentencing did not delineate between the amount of reduction it was giving for substantial assistance and the part of the reduction that was attributable to the defendant's motion for variance, correct? I don't think that's entirely correct, Your Honor. The district court at the initial sentencing back in 2012 first granted the government's motion for substantial assistance, and I believe it specifically stated that that was a 19%. Well, it was a 19%, but the court is not required to limit the reduction to 19%. Correct. Or to grant 19%. That's an item totally within the discretion of the district court, correct? Correct, Your Honor. And then didn't the district court say it was granting your motion for variance as well? Yes, Your Honor. But it never told us how much of the 33% departure it eventually gave was attributable to substantial assistance and how much was attributable to the variance. Is that right? I think you're correct, Your Honor, that there was not a specific delineation. Okay. If I'm correct, all you have to do is say correct. I'm trying not to take up all your time with this. I just don't want to. I think you could look at the transcript and read that the district court did first apply a substantial assistance reduction and then further. Now, here we get to my question factually. So that's where we are. When we get to the resentencing, the district court says, well, I'm not going, I mean, the district court is not this explicit about it, but this is what I read the district court as doing, and I want to see if we're in agreement. The district court says, I'm limited to the amount of substantial assistance I gave previously. I'm not allowed to look at this again under the guideline. And so the district court, in limiting the departure to 19 percent, was implicitly ruling that that would represent what had been the extent of its substantial assistance departure before, and the remainder would be the up to 33. Is that right? Yes, Your Honor. That's how I read it. Okay. That's all I need to know. So you agree that the district court here said that it did not have the authority to go further down than the 19 percent, right? Absolutely, Your Honor. The district court's reconsideration order is limited to a question of whether or not it had the authority to go beyond the 19 percent substantial assistance motion. And it said, no, I don't have the authority. Correct. This is a question about the district court's- Yes, Your Honor. And the parties are in agreement pursuant to a nationwide Department of Justice policy statement that the district court's- that Section 1B1.10 of the guidelines, specifically subsection B2B, can be interpreted in such a way as to allow a district court to consider not only the substantial assistance, but also any additional reduction that was given. To put it another way, you could count the additional 15 percent as, broadly speaking, for substantial assistance. You could expand. I mean, the government could say, well, I think, you know, looking at it now four years later or whatever, the assistance has been very substantial. And so we have no objection. And we would like to see the reduction increased by another 12, 15 percent. You could look at it that way. I believe so, Your Honor. At least the government could certainly argue pursuant to 35B that there is additional substantial assistance, that the substantial assistance could be valued more than it was originally. And additionally, the question of where to draw the line, what does account for the defendant's initial substantial assistance, and what portion of Ms. Taylor's reduction accounts for 3553A or the defense variance, there's not an easy way to tell the difference between the two. 3553A factors can be looked at by a district court judge to limit the value of the substantial assistance a defendant initially receives. And additionally, in ruling on a variance motion, the district court has authority under Rule 3553A to consider any attempts at cooperating or any assistance that it believes that the defendant originally received. The problem you have here with that position, which I think is correct, is that the district court is implicitly telling us that's not what it did. It doesn't say explicitly I didn't do that, but it said this is what I gave for substantial assistance. Back to your question, your remark about 35B, that would be an alternative source of authority that might or might not be in conflict with the guidelines. Yes, Your Honor, correct. Okay. As long as we're staying with the guidelines for just a second, let me just make sure I understand this right. It seems like you would have had a pretty good argument or a better argument, but another way to put it, insofar as the guidelines existed in 2010, but then they get amended in 2011. And it at least looks like the commission is almost going out of its way to say that a district judge can't do what you wanted the judge to do here. So how do you analyze the 2011 amendments and the purpose, either the language or the purpose thereof? Your Honor, the Sentencing Commission did, you're correct, the Sentencing Commission did change this particular portion of the guideline. And it explicitly stated that there were concerns with the prior distinction between variances and departures, in that variances generally should not be applied retroactively, whereas departures should. And in removing that distinction, the Sentencing Commission emphasized that that had been a difficult distinction to apply, trying to parse out what is a variance, what is a departure. And therefore, the Sentencing Commission decided to have a single ban against all variances and departures. And additionally, a district court cannot come up with a new variance below the guideline range. Now, what the sentencing... Then it went on to say, quote, except for a reduction for substantial assistance, dot, dot, dot, end quote, you can't do this. Yes, Your Honor. When there is... So how do you get around that? When there is a substantial assistance reduction, the Sentencing Commission, in its Reasons for Amendment 759, explicitly stated that this exception for substantial assistance applies to cases involving a defense motion, excuse me, a government motion for substantial assistance. You're kind of saying that if there was substantial assistance, that opens the door and then you can do other things. Absolutely, Your Honor. But as I read the course of the amendments, it seems as if the Commission is making these changes to preclude that. I disagree, Your Honor. I think that the Sentencing Commission is making this amendment to continue to reward and set apart defendants who provided substantial assistance from other defendants. And one of the main driving factors... Are they really trying to prevent do-overs, basically? Well, not in the case of an individual with substantial assistance. And the court, excuse me, the Sentencing Commission... If there was substantial assistance and you didn't get an additional reduction for something else, you could, under your argument, get it on the resentencing. No, no, Your Honor. We're only talking about how the Sentencing Commission defines what can be counted in the original percentage reduction that the defendant received. I'm not arguing or advocating that any new variances can be applied. It's just a question of how do we calculate what the defendant's original reduction was. But you've conceded there really isn't any dispute here because the judge told us what he did. He might have been able to do something different, but he told us what he did. In this particular case, yes. But that is not the case in all sentencing. Well, who are you representing? Your client, right? Yes, Your Honor. But this should be interpreted. The guideline applies across the board to all defendants. And while this particular judge did delineate the percentage that he contributed to substantial assistance as opposed to an additional variance, other judges don't do it that way. And it's the Sentencing Commission... What case law do you have? I don't find any case law supporting your position or the government's, you know, the Department of Justice policy mentioned in your brief. Admittedly, Your Honor, this is a case that does... This is a situation, a scenario that does not seem to have been litigated extensively in the past, specifically the question of how do we interpret the language of 1B1.10B2B2B. Should we consider that what Judge Jordan did here was an exercise of his discretion or that he believed that he was limited by law and by the nature of the guidelines to the, what is it, 19%? Yes, Your Honor. But that it was not a matter... He was not exercising discretion. And if he had discretion, he might do something else. Exactly, Your Honor. He concluded that he lacked discretion, that he did not have the discretion to grant any more than a 19% reduction. So this is not a question of whether he reasonably executed his discretion to grant all the full 33% or only the 19%. The question for us is, is he right in saying that he had no discretion? Correct, Your Honor. Am I right that if we go your way, we create a circuit split between us on the First and the Second Circuit? I... On this particular issue of whether or not... There are a couple of cases in other circuits that have looked at whether or not an individual can receive both a... where they received an initial substantial assistance and an additional variance, if both can be looked at. None of the circuits have addressed this question of interpretation in any depth. So I don't think it would be a circuit split on the particular arguments that are presented today. All right. All right, we'll hear from the government. May it please the Court, Deborah Brenneman for the United States. To determine whether the district court correctly calculated the extent of the reduction that was authorized by Retroactive Guidelines Amendment 782. In this case, the court has to interpret 1B.1.10.B.2.B. As applied to defendants, like Ms. Taylor, who originally received a below-guidelines sentence based on a government motion for substantial assistance and some other reason. 1B.1.10 doesn't specifically address that scenario. Cases with a mixed rationale. There are two facially reasonable and equally plausible interpretations. As you've seen from the record, the Department of Justice selected one of those. Judge Jordan selected the other. Because this court reviews interpretive questions de novo, I'd like to take a couple minutes to talk about the arguments for and against both so that you feel like you have all of those. I realize that puts me in an unusual position here. Let me ask you this. You explain these two in your brief on page 1011, and on 11 you say another plausible interpretation is the one suggested by the parties. Correct. The parties are together on this suggestion. There is the government and the defendant here, right? We filed a joint motion in light of. . . You think that Judge Jordan is not correct in saying that he was limited by law here to 19% that he could have exercised discretion about it. Is that right? That's what it says, another. . . That's the way I read it anyway. You are correct that the position that the Department of Justice has adopted is inconsistent with the position that Judge Jordan took. It's inconsistent with the position you initially took. Correct. But the position that Judge Jordan took is not inconsistent with the language of 1B1.10. Under 3582, a sentence reduction is only authorized if it is consistent with that. So because Judge Jordan's rationale is still consistent with the language of 1B1.10, I'm here in the unusual posture of I feel obliged in some sense to defend Judge Jordan. There's nothing. . . If the Department of Justice's position is to the contrary, why do you feel obligated one way or the other? Because it is at this point. . . You're more obligated. I think I'm equally obligated. I feel conflicted here, as you can probably tell this morning. There are. . . Go ahead. So there's no case law to support the Department of Justice's position? No. Okay. Is there contrary case law? I am not aware of any that are definitive. You referenced a First Circuit case. You don't think the First and the Second Circuit cases address this? I cannot recall the First Circuit case offhand. I'm sorry. I'm not prepared to comment on that. United States v. Hogan is the First Circuit. United States v. Steele is the Second Circuit. I recognize the case name, but not the holdings. I'm sorry. Here's the problem that, with all due respect, I don't think you're helping us solve. Okay. And I don't consider this to be amusing. I'm sorry? The Department of Justice has every right to change its views of things, and it may well be right in terms of making policy determinations, but we don't make policy determinations. We just try to figure out, as best we can, what 3553A means and what 1B1.10 means. Which is why I'd like to be helpful to you. And on its face, it seems to me, given the change from 2010 to 2011, the better legal argument, not policy, is that Judge Jordan was right. And that's what I thought you were coming here to defend. And it seems to me either you do that or you simply agree with her and you dismiss this appeal. You simply agree with her, she dismisses the appeal, and it goes back and hopefully Judge Jordan will do it. At this point, though, we need a ruling from this court as to what the appropriate interpretation of this statute is. There are for both interpretations. So what side do you want? We have a textual argument, there's a policy argument, and there's a fairness argument on both sides. I'll be happy to take either side and explain them both. Frankly, I'm very interested in you taking both sides until you tell me what side you're on. The position of the Department of Justice is that a defendant who received a departure for substantial assistance originally, based on a government motion, is eligible for a sentence comparably less than the amended guideline range, to the same degree that the original sentence was below the then applicable guideline range, even if the original sentence was partially based on other grounds. And how do you get there? I mean, where's that in the guideline? The textual argument is from 1B1.10b2b. It references the term of imprisonment imposed. It does not talk about the portion of the sentence that is attributable to the government's substantial assistance motion. It says, if the term of imprisonment imposed is below, and it was pursuant to a government motion for substantial assistance, then the court can grant a comparable reduction. Well, the district court has told us that the term of imprisonment was not entirely attributable to the substantial assistance motion. So it seems to me that the district court's own precise ruling eliminates the textual argument you've just made. Not to the extent that it talks about the term of imprisonment. The term of imprisonment that was originally imposed on Ms. Taylor was a term of 72 months. Doesn't your textual argument about the term of imprisonment completely ignore the end of the sentence? It says the term of imprisonment imposed was less than... to reflect the defendant's substantial assistance to authorities. If it didn't have those words, I'd say you're right. So how do we get around the last phrase in 1B1.10? When it says the term of imprisonment was less than the term of imprisonment, but it says that the reduction is comparably less. So it's talking about a reduction of the total term of imprisonment. It turns on the definition of the word pursuant to. Why is the whole section titled Exception for Substantial Assistance? I don't think we're talking about anything else, are we? We are not. A governmental motion... No, the citizen commission is not talking about anything else. A governmental motion for substantial assistance, for downward departure based on substantial assistance, is the prerequisite. The question is whether it defines the outer boundary. I guess it triggers the ability of the district court to reconsider. I mean, the percentage for substantial assistance four years ago is not a scientific fact. We don't know exactly what it should be. It's somebody's opinion about it. If you have a different opinion now, then you have a different opinion now. Well, there is authority for a district court to make additional factual findings in a 3582 proceeding if those findings were not necessary originally. I think of the drug quantity findings following Amendment 750. The only question is whether Judge Jordan is correct in thinking that he has no authority to do anything more than, in this case, 19%, whether that is correct or not correct. And that turns on the definition of the phrase pursuant to. Pursuant to has two possible meanings. It could mean only because of. That's the interpretation that Judge Jordan took. Or it could mean based at least in part on. That's the interpretation that's used in the Department of Justice's position. There's support for that in the Freeman case, for example, which talks about when a C1C sentence is, nonetheless, based on or pursuant to a guideline range because the plea agreement expressly references it. If they meant that, why wouldn't they say based upon at least in part or pursuant to at least in part? That would be far more clear. I certainly wish we had that clarity. Then we would know what would happen. The reason the Department of Justice changed its position, and you're right, we changed our position in May 2015 in this case, was based largely on a policy determination that although the heading says exception for substantial assistance, it was actually referring to defendants who have benefited, this class of defendants who have substantial assistance. You don't think much of the Sentencing Commission's ability to draft, do you? I think that the Sentencing Commission has a very complicated task. They could have made this much clearer, but this is a very rare scenario that happens. In most cases, at least as they've played it in our district, a substantial assistance motion is calculated from a mandatory minimum. In those cases, the only thing the court can consider is the extent of the substantial assistance. This issue never arises. Has this not been presented? Are we the first circuit to take this up in your view? As this issue is presented, yes, I believe so. Because these other cases are mandatory minimum cases. In cases that involve mandatory minimums, the framework is already clear. This court referenced that. Tons of these cases don't involve mandatory minimums. Is that because courts just aren't taking their own responsibility to interpret the law seriously and are just deferring to what the Department of Justice says, or is it because it's so well accepted that it should be interpreted in a particular way, not your way? Unfortunately, I don't have the information to be able to tell you which of those alternatives it is. I know that in many districts the parties have negotiated an appropriate sentence and they go to the court and say, we believe that an appropriate reduction under Amendment 782 is this. We have not done that here. We deferred to Judge Jordan's discretion. We agreed in our joint motion for reconsideration that he had authority to grant a reduction equivalent to all of the reductions that she had originally received. He didn't think so? He didn't think so. The question for us is, does he have the authority to use his discretion? Which brings us back to the beginning. We need a clear interpretation of 1B110B2B. Either we say he doesn't have the discretion or we say he does have the discretion. Correct. That's what you're saying. Correct. Because it determines how we interpret this provision. Can I go back a little bit to the questions I asked at the beginning? The motion you initially made in this case was based on a flawed premise, right? Because you said it was limited to whatever percent it was, 19. And the problem was it wasn't limited to 19 because the district court didn't have to give the amount of substantial assistance decrease that you requested. It could have been granted less. It could have been granted more. So then the district court supplied the missing link. Correct. He made that factual finding. It made that factual finding. And so we then knew, according to the district court, that it was limited to 19% on the resentencing. Originally. On the resentencing, I think. But I mean originally. Originally it was 19% for the government's motion for substantial assistance. But your motion was based on an unknown fact. Yes, it was. Okay. I want to go back to this textual argument again. Sure. So I fully understand what you say is the legitimate alternative position now being espoused by the Department of Justice. Okay. It says the term of imprisonment imposed was less based upon a motion for substantial assistance. So we're focusing in on why it was less. The motion was for substantial assistance, right? Well, pursuant to, but yes. Let's assume, following your argument, that that doesn't mean that there couldn't have been other reductions for other reasons. But then it goes on to say, in such a situation, a reduction comparably less than the amended guideline range may be appropriate. I'm trying to figure out why or how somebody would read comparatively less refers to something other than what resulted from the motion for substantial assistance. Here's why. The very beginning of B2B says, if the term of imprisonment imposed. That's what I started with. The term of imprisonment imposed here was a 72-month sentence, which when compared to her guideline range, I'm sorry, her original sentence was a 72-month sentence. In comparison to her guideline range of 108 to 135, that is a 33% reduction. The term of imprisonment she received. Comparably less to refer to the term of imprisonment as opposed to what reflects the defendant's substantial assistance. Correct. Okay, I got it. Thank you. Or you could say, look, the percentage originally was not a scientific matter. It was a guess or somebody's view. And now we have a different view. Our view is that it's a range between 19% and a third. And we choose now a third. And that's the Department of Justice position. That is the Department of Justice position. And I don't envy you your task in deciding here. I imagine we'll do better than you appear to have done. I certainly hope so. Regardless of the interpretation. I do not mean you've done a bad job. And I know you're put in a difficult position. I was really referring to Judge McKee's expressed discomfort over the ambiguity of who you were representing here. The reason this is particularly complicated is because a disparity results no matter which interpretation you select. So the question is, on whom are you going to place that burden? Okay, I think your time is up. Thank you. All right, Ms. Rust. Ms. Rust. An important factor to consider here is the directive from this court and the Supreme Court that ambiguity in criminal convictions, criminal statutes, and in the sentencing guidelines be resolved in favor of the defendant. The rule of leniency. The rule of leniency, yes, Your Honor. The district court in its reconsideration order explicitly acknowledged that subsection B2B does not have a specific limitation to only the percentage attributable to substantial assistance and that this section can be interpreted in two different ways and there have been two plausible ways of interpreting this. Given the rule of leniency and additionally given the expressed goals of the Sentencing Commission in passing Amendment 759, which was to reduce sentencing disparities and to reduce unnecessary litigation. Part of this is also a change perhaps in our culture, our public opinion, I guess, about how the war on drugs has intersected with the sentencing guidelines so that there's a movement on in Congress and other places, including the executive branch, to try to soften the extreme sentences that resulted in so many people, particularly blacks, in federal prisons, which from the time of the sentencing guidelines increased from 16,000 to now 220,000, much of which is attributable to the war on drugs and the sentencing guidelines and there's been somewhat of a shift in public opinion about that. So that is influencing, I assume, to some extent, the Department of Justice position. Yes, Your Honor, and I think that that is also influencing the Sentencing Commission in its passage of the drugs minus two amendments. The authorizing statute from the Congress, which is 18 U.S.C. 3582 C2, directs that any retroactive reduction in a sentence be applied to a defendant through the Sentencing Commission through Section 1B1.10 and that the reduction should be consistent with the applicable policy statements of the Sentencing Commission. The interpretation of this section that we are presenting today does further the goals of the Sentencing Commission in passing Amendment 782. Specifically, in its reasons for Amendment 782, the Sentencing Commission discussed the importance of reducing the overcrowded prisons, of reducing the cost of incarceration, and of being able to shift expenditures onto law enforcement and rehabilitative efforts. We appreciate the argument both of you have given and we'll consider the case carefully. I don't think there are any other cases to come. We'll take those up in conference. Thank you.